**From:** Fritz Riesmeyer [mailto:fritz@spradleyriesmeyer.com]
**Sent:** Thursday, October 22, 2009 1:52 PM
**To:** 'smauer@bryancave.com'
**Cc:** Ron Spradley
**Subject:**

Steve, here are the drafts, should be in good shape. I picked 11/6 as the date to have the payment by. hopefully can do sooner. My clients are also reviewing but I don't expect any substantive changes. let me know your comments at you earliest convenience.

*Frederick H. Riesmeyer, II*
*Spradley & Riesmeyer, a professional corporation*
*4700 Belleview, Suite 210*
*Kansas City, MO   64112*
*O:      816.753.6006*
*Fax:   816.502.7898*
*M:     816.686.6390*
*fritz@spradleyriesmeyer.com*

DISCLAIMER: This email, and any attachments thereto, is intended only for use by addressees named herein and may contain legally privileged or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of this email and any printout thereof.

EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into effective as of _____, 2009 (the "Effective Date"), by and among SOFCO, LLC ("SOFCO"), a limited liability company organized under the laws of the State of Colorado, R. Scott Christian ("Christian"), and Robert R. Jones ("Jones") (collectively "SOFCO Parties") and National Bank of Kansas City.

WHEREAS, the Parties entered into a series of agreements in 2006, including but not limited to a License Agreement and separate employment agreements, all dated June 1, 2006 for the purpose of operating a fractional interest mortgage business venture;

WHEREAS, on or about March 12, 2008, NBKC terminated the License Agreement followed by termination of the employment agreements;

WHEREAS, SOFCO Parties commenced a lawsuit against the National Bank of Kansas City in the United States District Court for the District of Kansas, Case Number 08-2366 wherein SOFCO Parties filed their Complaint and Amended Complaint and NBKC filed a Counterclaim ("Lawsuit");

WHEREAS, the Parties to this Agreement each deny and dispute any liability regarding the same.

WHEREAS, the Parties wish to resolve the disputes and dismiss with prejudice all claims pending in the Lawsuit on the terms and conditions set forth in this Agreement; and

WHEREAS, solely in order to avoid the costs and expenses inherent in litigation, the Parties desire to fully, finally and forever compromise and settle any and all claims, controversies and disputes each of them has or may ever have against the other with regard to the business relationships between the parties and all claims between the parties as set forth in the Lawsuit and any other matters addressed herein.

NOW, THEREFORE, in consideration of the mutual covenants, agreements and promises set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all Parties does hereby agree as follows:

1. **Release by SOFCO, Christian, and Jones.** SOFCO, Christian, and Jones each on behalf of themselves individually and collectively, and on behalf of all insurers, agents, representatives, executors, administrators, descendants, successors, predecessors, assigns, and any and all other persons, firms, corporations, associations, and other legal entities who may claim through or on behalf of the SOFCO Parties each hereby release, discharge and acquit all claims, actions, cross-claims, third-party claims, actions and causes of action the SOFCO Parties may have against NBKC and each of their respective current and former Affiliates, officers, directors, members, managers, employees, agents, representatives, attorneys, shareholders, and insurers known or unknown from any and all manner of claims, demands, actions, costs, expenses, obligations, rights, damages, compensation, attorneys' fees, losses, judgments and/or liability ("Claims") of any nature whatsoever, whether based on tort, contract or any other theory of recovery, which are in existence on or before the date of this Agreement, including but not limited to any and all Claims arising out of the operation of NBKC, including the First Fractional Funding Division, the Claims set out in *SOFCO LLC, et al. v. National Bank of Kansas City*, Case No. 08-2366, filed in the District Court for the District Court of Kansas even if said Claims are not reasonably discoverable at the time of this Agreement. Further SOFCO Parties specifically transfer and/or release any interest SOFCO Parties may have in the Licensed Assets and the First Fractional Funding Division of NBKC.

2. **Release by NBKC.** NBKC on behalf of itself, individually and collectively, and on behalf of all its directors, officers, insurers, agents, representatives, executors, administrators, descendants, successors, predecessors, assigns, and any and all other persons, firms, corporations, associations, and other legal entities who may claim through or on behalf of the NBKC does hereby release, discharge and acquit all claims, actions, cross-claims, third-party claims, actions and causes of action NBKC may have against the SOFCO Parties and each of their respective current and former Affiliates, officers, directors, members, managers, employees, agents, representatives, attorneys, shareholders, and insurers known or unknown from any and all manner of claims, demands, actions, costs, expenses, obligations, rights, damages, compensation, attorneys' fees, losses, judgments and/or liability ("Claims") of any nature whatsoever, whether based on tort, contract or any other theory of recovery, which are in existence on or before the date of this Agreement, including but not limited to any and all Claims arising out of the operation of NBKC, including the First Fractional Funding Division, the Claims set out in *SOFCO LLC, et al. v. National Bank of Kansas City*, Case No. 08-2366, filed in the District Court for the District Court of Kansas even if said Claims are not reasonably discoverable at the time of this Agreement.

3. **Payment.** On or before November 6, 2009, NBKC agrees to pay the total sum of SIXTY FIVE THOUSAND AND NO/100THS DOLLARS ($65,000.00) to the SOFCO Parties. The Parties acknowledge the sufficiency and adequacy of the above stated sum to be paid by NBKC.

4. **Dismissal of Claims.** At the time of the execution of this Agreement the Parties agree to shall dismiss with prejudice the Claims they have asserted or could have asserted, including those contained in the Lawsuit.

5. **Compromise of Disputed Claims.** It is understood and agreed that this Agreement is a compromise of disputed claims, that the Parties and any other person or entity released herein denies any liability for the claims that have been asserted, and nothing contained herein is to be construed as an admission of liability or responsibility on the part of any Party or any other person or entity released herein.

6. **No Reliance.** It is understood and agreed that in executing this Agreement, the Parties did not rely upon any statement, representation or promise made by any Party being released or by its legal representatives other than what is set forth in this Agreement and Indemnity, but rely solely upon their own judgment and the advice of their attorneys.

7. **Affiliates.** For purposes of this Agreement, the term "Affiliates" means any Person that directly or indirectly controls, is controlled by, or is under common control with, the

Person in question. As used in this definition, the term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through ownership of voting securities, by contract or otherwise. As used in this definition, the term "Person" means any natural person, partnership, limited liability company, corporation, association, cooperative, trust, estate, custodian, nominee or other individual or entity in its own or representative capacity.

8. **Severability and Enforceability.** If, at any time after the date of this Agreement, any provision of this Agreement shall be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of any other provision of this Agreement. In the event that one or more of the provisions of this Agreement is determined to be illegal or unenforceable, the remaining provisions of this Agreement shall not be affected and shall continue to be valid and enforceable to the fullest extent permitted by law.

9. **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, heirs, descendants, dependents, marital community, devisees, legatees, executors, trustees, administrators, directors, officers, managers, employees, agents and representatives. This Agreement may not be assigned by a Party without the written consent of the other Parties. The rule that ambiguities in an agreement shall be construed against the drafter shall not apply to this Agreement.

10. **Waiver.** The waiver of a breach of any provision herein shall not operate or be construed as a waiver of any other breach by any of the Parties. No waiver, modification or amendment of any provision of this Agreement shall be effective unless executed in writing by the Parties to be bound by such waiver, modification or amendment.

11. **Fees, Expenses and Court Costs.** Except as otherwise expressly provided herein to the contrary, each Party to this Agreement shall pay their own expenses, including without limitation attorneys' fees, incurred in the negotiation, preparation and execution of this Agreement, and waive and release any claims for fees or court costs against the others.

12. **Entire Agreement.** This Agreement contains the entire agreement among the Parties relating to the subject matter of this Agreement, and supersedes all prior oral or written agreements or understandings among the Parties. This Agreement may not be amended or modified except by an agreement in writing signed by the Party against whom the enforcement of any modification or amendment is sought.

13. **Headings.** The headings in this Agreement are for convenience only and shall not limit or otherwise affect any of the terms or provisions of this Agreement. The headings shall have no independent legal significance.

14. **Definitional Provisions.** The words "hereof," "herein" and "hereunder" and words of similar import when used in this Agreement shall refer to this Agreement as a whole and not to any particular provision of this Agreement, and section references are to this Agreement unless otherwise specified. Words of the masculine gender shall be deemed to include the feminine or neuter genders, and vice versa, where applicable. Words of the singular number shall be deemed to include the plural number, and vice versa, where applicable.

15. **Authority.** Each Party represents and warrants that he or it owns all right, title and interest in and to the claims released herein and has not assigned, transferred, conveyed or encumbered any claim released or any right granted in this Agreement.

16. **Survival.** All terms, covenants, promises, warranties, representations, rights, obligations and agreements made hereunder shall survive the termination, cancellation, completion, performance or expiration of this Agreement.

17. **Additional Documents; Further Assurances.** The Parties shall execute such additional instruments or documents as may be reasonably required by the other Parties to this Agreement in order to carry out the purposes and intent of this Agreement and to fulfill the obligations of the Parties hereunder. Each of the Parties hereto agrees to execute and deliver all such further documents consistent herewith and to take all such further actions as may be reasonably requested by any other Parties to effectuate fully the terms and provisions of this Agreement, provided such documents or actions do not materially limit, reduce or impair the rights or increase the obligations of the Party upon whom such request is made, and, provided further, that complying with any such request shall not be at the expense of the requested Party.

18. **Due Authorization.** Each Party hereby represents to the other Parties that: (i) the Party, if an entity, is duly organized, validly existing and in good standing under the laws of its state of formation, (ii) the execution, delivery and performance of this Agreement has been duly authorized by all necessary and appropriate action, and (iii) this Agreement constitutes a valid and binding obligation of the Party, enforceable against it or him in accordance with the terms hereof. The Parties each represent and warrant that the execution and delivery of this Agreement and the instruments contemplated herein does not and will not require any authorizations, consents, approvals, licenses, exemption or filings with any third party or governmental authority.

19. **Choice of Law.** The internal laws of the State of Kansas (without regard to principles of conflicts of law that require or permit application of the laws of any other state or jurisdiction) govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the Parties.

20. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of which together shall be deemed to be one instrument. Facsimile copies of signatures shall have the same force and effect as original signatures.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the undersigned have executed, or caused to be executed this Agreement to be effective as of the Effective Date.

SOFCO, LLC

By: _____
    R. Scott Christian, Member

By: _____
    Robert R. Jones, Member

INDIVIDUAL PLAINTIFFS

By: _____
    R. Scott Christian

By: _____
    Robert R. Jones

NATIONAL BANK OF KANSAS CITY

By: _____
    President

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOFCO, LLC, et al. ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | Case No. 08-2366 JAR/KGS |
| ) | |
| NATIONAL BANK OF KANSAS CITY, ) | |
| ) | |
| Defendant/Counter-Claimant ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

SOFCO, LLC, R. Scott Christian and Robert R. Jones, plaintiffs and National Bank of Kansas City, defendant, pursuant to Fed. R. Civ. P. 41(a), hereby dismiss plaintiffs' Amended Complaint and defendants Counterclaim, both with prejudice, with all parties to bear their own costs and attorney's fees.

SPRADLEY & RIESMEYER
A Professional Corporation


/s/
Ronald C. Spradley          KS Fed# 70406
Frederick H. Riesmeyer, II  KS Fed# 70401
Matthew P. Clune            KS # 21064
Belletower Building, Suite 210
4700 Belleview
Kansas City, MO  64112
816/753-6006
FAX: 816/502-7898
Email: ron@spradleyriesmeyer.com
fritz@spradleyriesmeyer.com
matt@spradleyriesmeyer.com

**ATTORNEYS FOR PLAINTIFF SOFCO, LLC, ET AL.**

BRYAN CAVE, LLP

---

Steven E. Mauer      MO #
Heather S. Esau Zerger     MO #
1200 Main Street, Suite 3500
Kansas City, MO 64105

**ATTORNEYS FOR DEFENDANT NATIONAL BANK OF KANSAS CITY**